# Commonwealth *v.* Sullivan, Appellant.

*Criminal procedure—Motion to discharge from custody—Time of making.*

Where a defendant has had a hearing before a justice of the peace, has given bail to answer the charge at the next Court of Quarter Sessions, and has waited until after the grand jury found an indictment against him, it is too late for him to move to be discharged from custody upon the allegation that he has been illegally arrested.

*Criminal law—Intoxicating liquors—Transportation and possession of—Search and seizure—Police officer—Act of March 27, 1923, P. L. 34.*

The ninth section of the Act of March 27, 1923, P. L. 34, authorizing any officer to arrest without a warrant any person discovered in the act of transporting intoxicating liquor is a constitutional exercise of the police power of the Commonwealth of Pennsylvania.

Where an officer believes from his own observation, or from information from sources so reliable that a prudent person having due regard for the rights of others would act thereon, and has reasonable and probable cause to believe that a vehicle is engaged in unlawful transportation in his presence, he may arrest, search and seize without a warrant.

Intoxicating liquors so seized cannot lawfully be returned to the defendant and may be offered in evidence against him in a prosecution for its unlawful possession and transportation.

*Jurors—Competency as witnesses.*

Jurors are not incompetent as witnesses in either criminal or civil issues. They have no interest that disqualifies them and there is no rule of public policy that excludes them. Knowledge of the facts of a case does not disqualify a juror.

Argued October 26, 1927. Appeal No. 341, October T., 1927, by defendant from judgment of Q. S. Bradford County, May Sessions, 1927, No. 30, in the case of Commonwealth of Pennsylvania v. Charles C. Sullivan. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for unlawful possession and transportation of intoxicating liquor. Before CULVER, P.J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.  Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence.

*J. Roy Lilley,* and with him *William P. Wilson* and *J. F. Rogers,* for appellant.

*David J. Fanning,* District Attorney, for appellee.

OPINION BY PORTER, P. J., November ·21, 1927:

The defendant was tried and convicted upon an indictment containing two counts, the first charging the unlawful transportation of intoxicating liquor for beverage purposes, and the second the unlawful possession of intoxicating liquor for beverage purposes, and from that judgment he has taken this appeal.

The defendant, on March 23, 1927, drove an automobile into the Borough of Towanda, parked the vehicle at the curb of one of the streets of said borough, took from the vehicle a heavy valise and carried it across the street, all·in the presence of Watson, the Chief of Police of said borough, who immediately arrested the defendant, without a warrant, and took him to the office of a justice of the peace, where the valise was opened and in it were found seventeen pint bottles of whiskey.  The officer at once made an information before the justice of the peace charging the defendant with the unlawful transportation and possession of intoxicating liquor for beverage purposes and, after a hearing, the defendant gave bail to answer the charge at the next Court of Quarter Sessions.  On April 11, 1927, the grand jury found the indictment upon which the defendant was tried.  On May 2, 1927, the defendant presented his petition to the court averring that he had been unlawfully arrested without a warrant, "without his having committed any breach of the peace or

felony or any knowledge on the part of the officer that
he, the said Charles C. Sullivan, was engaged in the
commission of any misdemeanor, other than gossip,
which the said A. P. Watson had heard that at some
indefinite times the said Charles C. Sullivan had en-
gaged in some violations of the liquor laws; that his
arrest without a warrant was, under these circum-
stances, illegal and void and in violation of the defend-
ant's constitutional rights.'' The defendant prayed
in his petition that a rule be granted on the district
attorney and the Commonwealth of Pennsylvania to
show cause why the defendant should not be discharged
from custody and any evidence obtained from this il-
legal arrest be suppressed, and the court granted such
a rule. Watson, the prosecutor, filed an answer to this
petition admitting that the defendant had been ar-
rested without a warrant, but averring that he, the
Chief of Police of the Borough of Towanda, ''had in-
formation which he considered reliable and conclusive
that this defendant was taking orders for the sale of
intoxicating liquors in Towanda Borough and later
making delivery thereof having this information from
several sources; that he had been reliably and credit-
ably informed that the day before the arrest the de-
fendant had been in Towanda Borough soliciting
orders for the sale of intoxicating liquors which de-
liveries were to be immediately and later made; that
on the day in question the affiant was seated with
others ...... when the defendant was observed by
him and others to drive an automobile and place the
same at the curb on Main Street ...... that this affiant
was at the time on the watch for this defendant; that
the defendant got from his car with the valise in ques-
tion in his hands and whereupon this affiant walked
along beside of the defendant, invited him to go with
him to the office of Harry White, a justice of the peace
for Towanda Borough and in whose office the valise

was opened and found to contain seventeen pints of
whiskey and all found in accordance with the informa-
tion which this affiant had before the arrest.'' No
depositions were taken, and the court, after argument,
discharged the rule. The defendant having had a hear-
ing before the justice of the peace and given bail to
answer the charge at the next Court of Quarter Ses-
sions and having waited until after the grand jury had
found an indictment against him, it was too late for
him then to move to be discharged from custody upon
the allegation that he had been illegally arrested.

Did the court err in refusing to suppress the evi-
dence discovered as the result of the arrest of the de-
fendant without a warrant, or subsequently in receiv-
ing in evidence, at the trial, the liquors found in the
valise which the defendant took from the automobile
and was carrying at the time of his arrest? These
questions were carefully considered by this court in
Com. v. Rubin, 82 Pa. Superior Ct. 315, and we there
held that the 9th section of the Act of March 27, 1923,
P. L. 34, authorizing any officer to arrest without a
warrant any person discovered in the act of transport-
ing, in violation of the statute, intoxicating liquor, was
a constitutional exercise of the police power of the
Commonwealth. We there said: ''When the officer
believes from his own observation, or from informa-
tion from sources so reliable that a prudent person,
having due regard for the rights of others, would act
thereon, and has reasonable and probable cause to be-
lieve, that a vehicle is engaged in unlawful transporta-
tion in his presence, he may arrest, search and seize
without a warrant.'' We are not convinced by the argu-
ment now presented that the present case is not ruled
by our decision in Com. v. Rubin, and we do not deem it
necessary to add anything to what was said in the
opinion in that case. There is no doubt that this defend-
ant was engaged in the unlawful transportation of in-

toxicating liquor, the goods seized were contraband and forfeited to the Commonwealth, the defendant having no property therein, they could not lawfully be returned to him and they could be properly offered in evidence against him; Com. v. Schwartz, 82 Pa. Superior Ct. 369.

The learned counsel for the appellant frankly concedes that the decisions of the Supreme Court in Com. v. Dabbierio, 290 Pa. 174; Com. v. Connolly, 290 Pa. 181 and Com. v. Hunsinger, 290 Pa. 185 establish that the Constitution of Pennsylvania does not protect a defendant from the use of evidence against him, although obtained as the result of an unlawful arrest and finding in his possession intoxicating liquors in process of transportation or unlawful possession. It is, however, urged that: "admitting that in Commonwealth v. Hunsinger, supra, and similar cases, the admissibility of evidence illegally obtained has been passed upon by this Court and by the Supreme Court of this State, and with the utmost respect for the opinions in those cases, we earnestly urge upon this Court to carefully review the subject in the light of the Federal decisions." It seems only necessary to say, in reply to this suggestion, that we have neither the authority nor the inclination to overrule the decisions of the Supreme Court of Pennsylvania; these decisions we must follow so long as they are not overruled by the Supreme Court of the United States. It is suggested in the brief of counsel for appellant that the proceedings in this case involve a violation of the Fourteenth Amendment to the Constitution of the United States, which provides that: "nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." This defendant was not deprived of life, liberty, or property without due process of law. "Due process of law" means due process

according to law. Information charging the offense was duly made before a justice of the peace and after hearing the defendant gave bail to answer the charge at the next Court of Quarter Sessions; an indictment in proper form was returned by the grand jury; upon that indictment he was tried by a jury which rendered a verdict of guilty as indicted and he was sentenced in the manner provided by the statute. This was due process according to the law of Pennsylvania.

It developed at the trial that Edward Walker, the foreman of the grand jury, which returned the indictment a true bill, had witnessed the arrest of the defendant, and counsel for defendant thereupon moved that the indictment be quashed and the case dismissed. This was practically a belated attempt to challenge a grand juror and came too late. The evidence in support of the motion merely disclosed that Walker had witnessed the arrest of the defendant, but knew nothing about the subsequent discovery of the liquor in the valise which he was carrying. In respect to this it might be sufficient to say that the objection to Walker, as a witness, was not made until after he was sworn as a witness, when it was too late to object to his competency. But, further, the knowledge of Walker was confined to an incidental and comparatively immaterial point, it did not touch the corpus delicti. Jurors are not incompetent as witnesses in either criminal or civil issues. They have no interest that disqualifies them and there is no rule of public policy that excludes them. Knowledge of the facts of a case does not disqualify a juror: Howser v. Com., 51 Pa. 332; State v. McDonald, 73 N. C. 346. Had Walker been challenged as a grand juror, even at the proper time, it would have been the duty of the court, under the facts developed, to have overruled the challenge. All the assignments of error are dismissed.

The judgment is affirmed and the record remitted to

the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.