## Commonwealth, Appellant, *v.* One 1955 Buick Sedan (Marchese).

Argued June 14, 1962.   Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Russell C. Wismer,* Special Assistant Attorney Gen-
eral, with him *George G. Lindsay,* Assistant Attorney
General, and *David Stahl,* Attorney General, for Penn-
sylvania Liquor Control Board, appellant.

*D. T. Spagnoletti,* for appellees.

OPINION BY ERVIN, J., September 13, 1962:
These are two appeals by the Commonwealth from
orders of the court below dismissing petitions for the

forfeiture of a 1955 Buick sedan and a 1957 Chevrolet sedan for the transportation of whiskey in Pennsylvania contrary to §491(2) of the Liquor Code, 47 PS §4-491(2). Motions to suppress the evidence were made by counsel for the operators of the automobiles on the ground that the evidence was secured without a warrant and in violation of the fourth amendment to the Constitution of the United States. Both cases were heard at the same time by the court below and were argued together before us.

At 10:30 p.m. on December 13, 1961 Officer Bethel and Officer Peterson, of the Philadelphia Police Force, observed a 1955 Buick sedan bearing New Jersey license tags traveling east on Powelton Avenue from 40th Street in the City of Philadelphia. There was no light over the license plate and the officers stopped the car and asked the operator, Robert Marchese, to produce his owner's card and operator's license. He produced an owner's card but no operator's license and then asked the officers why he had been stopped. Marchese got out of the car and went to the rear with the officers, at which time they pointed out the motor vehicle violation. Officer Bethel further testified as follows: ". . . at which time I noticed the car was sitting rather low from the ground. I stated to Mr. Marchese what was he carrying in his trunk. He became very nervous and fidgety and stated he is carrying whiskey, at which time he gave me the keys and I opened the trunk of his car. In the Buick there were seven full cases of Seagrams V.O. without the Pennsylvania State Store tax."

The officer testified that the Buick car was preceded by a black 1957 Chevrolet sedan bearing New Jersey license tags, and when the officers stopped the Buick the Chevrolet also stopped. This car was operated by one Horace Marchese who came back to the officers and asked them why they stopped his

brother, "at which time we told him that his brother did not have any driver's license, plus there wasn't a light over his tag; further that he was carrying whiskey. At that point Horace Marchese stated that he is also carrying whiskey too." The officers then searched the Chevrolet and found in the trunk seven cases of whiskey and one case of wine. Both operators were then arrested and both cars seized.

No testimony was offered on behalf of the operators or owners of the cars.

When the court below disposed of this matter it did not have the benefit of our decision in *Com. v. One 1955 Buick Sedan (Scott)*, 198 Pa. Superior Ct. 133, 182 A. 2d 280, filed June 13, 1962.

The only question to be determined is whether the search and seizure of these two cars was unreasonable or whether the officers had reasonable and probable cause to make the search without a warrant. Probable cause has been defined so thoroughly and so recently by the appellate courts that it need not be here repeated.

The officers in the instant case had good reason to stop the Buick car. The license plate was not illuminated, which is a violation of The Vehicle Code, §801 (d), 75 PS §801(d). No search of the Buick car was made until after the operator stated "I'm carrying whiskey from Jersey." Certainly the officers had good reason to look at the New Jersey whiskey to see whether it had Pennsylvania liquor seals thereon. When they found that it did not contain such seals, it was contraband and subject to forfeiture, together with the automobiles in which it was being illegally transported.

The fact that the Chevrolet stopped when the officers stopped the Buick and that the Chevrolet had a New Jersey license plate was a suspicious circumstance which the officers could take into consideration. When

the operator of the Chevrolet came back and asked the officers why they had stopped his brother and when the officers told him why they had stopped the brother, the operator of the Chevrolet stated that he also was carrying whiskey. Under the circumstances it was entirely reasonable for the officers to look at the whiskey to see whether it contained Pennsylvania liquor seals.

As we pointed out in *Com. v. One 1955 Buick Sedan (Scott)*, supra, the doctrine against unlawful search and seizure is less strictly interpreted against automobiles than dwellings. What we said there need not be repeated here.

It is our opinion that the officers in the present case had probable cause for the search and seizure of the two automobiles involved in these forfeiture proceedings.

The orders of the court below are reversed and the motor vehicles are hereby forfeited.

FLOOD, J., would affirm the decision of the court below.