## Commonwealth *v.* Scull, Appellant.

123

Argued September 10, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*F. Cortez Bell, Sr.,* with him *Bell, Silberblatt & Swoope,* for appellant.

*Eugene G. Kitko,* District Attorney, for Commonwealth, appellee.

OPINION BY RHODES, P. J., December 12, 1962:

Appellant, John Scull, was indicted, tried, and convicted of burglary and larceny in Clearfield County, at Nos. 125, 135, 136, May Sessions, 1961, Court of Quarter Sessions, Nos. 1, 2, 3, September Term, 1961, Court of Oyer and Terminer. Appellant's co-defendants, Cole and Winters, at Nos. 135, 136, May Sessions, 1961, Nos. 2, 3, September Term, 1961, entered pleas of guilty. Appellant was tried on October 9-13, 1961. A new trial was refused, and he was sentenced on May 5, 1962.[1]

---

[1] Appellant was sentenced on the three indictments. Although there should have been three appeals, our disposition of the case makes it unnecessary to consider this omission.

On this appeal appellant contends that certain tools were obtained from his car as a result of an unlawful search and seizure, and hence were inadmissible as evidence at his trial, under *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081.

As related to the search and seizure, the first question here raised, the facts may be stated as follows:

A burglary occurred in the early morning of May 15, 1961, at Alexander Motor Parts Company, Clearfield County. A police officer of DuBois, Clearfield County, observed appellant's cream and green 1959 Ford station wagon, including its New York license number, in the vicinity of the burglary at 3:30 a.m. The officer was unable to stop the car although he pursued it for some distance.

A warrant was issued for the arrest of appellant, and a fugitive warrant was sent to Niagara Falls, New York, together with a teletype description and the license number of the Scull station wagon. Lieutenant Fitzsimmons of the police department of the City of Niagara Falls, New York, went to Scull's residence with the warrant for his arrest on July 10, 1961, but he passed by when he did not see the Scull car which, he was advised by teletype, appellant was driving. The next morning, about 10:30 a.m., the police saw the car, unattended, parked in the driveway on the south side of the house. Lieutenant Fitzsimmons and several uniformed officers surrounded the house to serve the warrant. The teletype message stated that the man was armed and was considered dangerous. With the wife's permission the officers searched the house for appellant but failed to find him. The Lieutenant then opened the door of the unlocked car and observed an olive green barracks bag immediately behind the front seat; he looked in the bag and saw an assortment of tools consisting of a chisel, crowbar, hammers, screwdrivers, pliers, and a power

unit or tool capable of exerting great pressure. The car, and the tools, which Mrs. Scull identified as belonging to her husband, were removed to police headquarters. The tools, including the power unit, were turned over to the Pennsylvania police and introduced in evidence at appellant's trial, over the objection of counsel.

A chemist employed by the Pennsylvania State Police testified, inter alia, that paint samples from the safe door involved in the burglary at Alexander Motor Parts Company were the same "in color, texture, and elemental composition" as those from the power tool, and marks on the safe door were similar to marks made by the power tool.

The evidence alleged to have been illegally seized was not questioned until the time of trial. Appellant's objection to the evidence was not timely and should have been raised prior to the trial. *Com. v. Czajkowski*, 198 Pa. Superior Ct. 511, 182 A. 2d 298; *Com. v. Clark*, 198 Pa. Superior Ct. 64, 67, 181 A. 2d 859. See *Com. v. Mancini*, 198 Pa. Superior Ct. 642, 645, 184 A. 2d 279. Nevertheless, we do not consider that the search and seizure were unreasonable or that the evidence objected to was inadmissible.

We stated the governing principles on this question in *Com. v. Richards*, 198 Pa. Superior Ct. 39, 42, 43, 182 A. 2d 291, 293, 294, as follows: That "The Mapp decision did not, as we interpret it, preclude judicial determination of what constitutes a reasonable search and seizure under all the circumstances"; and that " 'The recurring questions of the reasonableness of searches must find resolution in the facts and circumstances of each case.' " When we apply the test of reasonableness to the totality of facts in this case, it is clear that the search and seizure were not unreasonable, and that *Mapp v. Ohio*, supra, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, does not require

exclusion of the evidence to which objection was belatedly made.

The present appeal in many respects is similar to *Com. v. Czajkowski*, supra, 198 Pa. Superior Ct. 511, 512, 182 A. 2d 298, where we said: "The conviction rested in part on circumstantial evidence which showed that defendant's car was observed at the scene of the crime. Furthermore, paint chips and burglary tools were found by the police in defendant's car parked in front of the police station following defendant's arrest."

Although the police officer was unable to effect an arrest of appellant at his home, this did not preclude search of his car under the circumstances. His car had been observed in the vicinity, at the time of the burglary, by the police of DuBois whom the driver eluded following a chase at high speed. The officer making the search of appellant's car had a warrant for his arrest for burglary and larceny and was in the process of apprehending appellant. In the driveway adjoining appellant's home, the officer saw appellant's car containing a canvas bag behind the front seat. The car was unlocked, and inspection of the bag revealed the tools which had been used in the burglary. Appellant surrendered the next day, and was placed under arrest. A search warrant was then obtained and a thorough search of appellant's residence was made.

The case is similar to those involving a search incident to a lawful arrest. Appellant's temporary absence from his home, preliminarily searched with the consent of his wife, should not obscure the fact that the officer had a warrant for appellant's arrest which he was attempting to serve; a valid arrest was subsequently made. It is difficult to understand an argument to the effect that the officer should forego any reasonable action because of the inability to apprehend appellant at once and serve the warrant. Here the

officer had information about appellant, including the fact that he was driving his car since the burglary. The officer was aware that a burglary had been committed, and that the car was used in connection therewith. Hence, the officer certainly had good reason or probable cause to look in the unlocked car for the fruits of the crime or the instrumentality by which it was committed. We think that he would have been remiss had he failed to do so. The law relating to search and seizure is less strictly construed as to automobiles than it is to dwellings. *Com. v. One 1955 Buick Sedan,* 199 Pa. Superior Ct. 12, 16, 184 A. 2d 365.

"The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." *Carroll v. United States,* 267 U.S. 132, 158, 45 S. Ct. 280, 69 L. Ed. 543, 554. A valid arrest need not necessarily occur before the search of a car. See *Com. v. One 1955 Buick Sedan,* supra, 199 Pa. Superior Ct. 12, 15, 184 A. 2d 365. As here, mere delay in the service of the warrant of arrest did not alter the circumstances warranting the search of appellant's car. Requiring the officer to wait in order to serve the warrant on appellant or to obtain a search warrant in this case might prevent the officer from seizing the instrumentalities by which a crime was committed, and which, it was reasonable to believe, were before him in the car.[2] The relevant test is not whether it was reasonable to procure a search warrant for the car, but whether the search was reasonable under the total atmosphere of the case. *United States*

---

[2] It is significant that the wife knew that the uniformed officers were at their home to arrest her husband, the appellant. It would be reasonable to assume that she would inform her husband of this fact immediately upon his return, and that he might remove and conceal the tools by which the crime had been committed.

*v. Rabinowitz,* 339 U.S. 56, 66, 70 S. Ct. 430, 94 L. Ed. 653, 660. As we said in *Com. v. Czajkowski,* supra, 198 Pa. Superior Ct. 511, 516, 182 A. 2d 298, 300: "An automobile as a vehicle of transport which moves about readily is in a distinct category on the question of a reasonable search and seizure. Search of an automobile without a warrant is lawful where probable cause exists, and where the facts and circumstances would lead a reasonably prudent person to conclude that the law is being violated. Carroll v. United States, 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A.L.R. 790; 79 C.J.S., Searches and Seizures, §66, p. 837." To the same effect, see *Com. v. One 1955 Buick Sedan,* 198 Pa. Superior Ct. 133, 139, 182 A. 2d 280.

Furthermore, in determining the reasonableness of the search, it is important that the objects and evidence found were tools used in the commission of the crime. As stated in *Harris v. United States,* 331 U.S. 145, 154, 67 S. Ct. 1098, 1103, 91 L. Ed. 1399, 1407: "This Court has frequently recognized the distinction between merely evidentiary materials, on the one hand, which may not be seized either under the authority of a search warrant or during the course of a search incident to arrest, and on the other hand, those objects which may validly be seized including the instrumentalities and means by which a crime is committed, the fruits of crime such as stolen property, weapons by which escape of the person arrested might be effected, and property the possession of which is a crime." See, also, *Abel v. United States,* 362 U.S. 217, 237, 80 S. Ct. 683, 4 L. Ed. 2d 668.

When we consider all the elements in the instant appeal supporting the search and seizure, there can be no question but that the search falls well within the definition of reasonableness as laid down by the authorities, and the evidence is not to be excluded under the *Mapp* decision.

The second question raised on this appeal is that a new trial should be granted because two of the Commonwealth's witnesses subsequently swore that they had perjured themselves at the trial of appellant.

At the joint trial, Cole and Winters pleaded guilty and gave testimony implicating appellant in the burglaries in Clearfield County. Appellant, Cole, and Winters received sentences covering the burglaries in that county. Subsequently, Cole and Winters were sentenced for burglaries in other counties. Following sentence in a Cambria County prosecution, Cole and Winters signed affidavits to the effect that they had testified falsely in implicating appellant in the burglaries in Clearfield County. In refusing appellant a new trial on the basis of these affidavits, in the present case, President Judge Pentz stated: "The statement of the two witnesses that they perjured themselves at the time of the trial of this defendant is not entitled to any credibility. The making of these affidavits admitting to perjury is not impressive nor do they carry any weight of credibility." Recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true, and the appellate court will not interfere with an order refusing a new trial on this ground in the absence of a plain abuse of discretion. *Com. v. Palarino,* 168 Pa. Superior Ct. 152, 155, 77 A. 2d 665; *Com. ex rel. Estelle v. Cavell,* 191 Pa. Superior Ct. 200, 205, 156 A. 2d 615; *Com. v. Saunders,* 386 Pa. 149, 155, 125 A. 2d 442. We find no error in the refusal of the court below to grant a new trial.

Appellant had a fair trial at which he did not testify. No right of appellant has been curtailed, nor has there been any violation of due process. He was properly convicted and sentenced for participating in a series of burglaries in Clearfield County.

Judgments of sentence are affirmed.

CONCURRING OPINION BY FLOOD, J.:

I agree with Judge MONTGOMERY that the motion made at the trial was not made too late in the absence of a rule of court, such as Federal Rule of Criminal Procedure 41(e), requiring a motion to suppress to be made in advance of trial. I also agree with him that this search cannot be justified as incident to a lawful arrest when no arrest was actually made on the day of the search. However, the reasonableness of a search and seizure without a warrant depends upon all the circumstances and I agree with the majority that the circumstances here were such as to justify the search and seizure without a warrant.

———

DISSENTING OPINION BY MONTGOMERY, J.:

The majority decision is based on two reasons which I do not believe to be sound, viz., the untimeliness of appellant's objection to the evidence in question and the reasonableness of the search and seizure by which it was procured.

I am in accord with the law as declared in the cases cited by the majority, that objection to evidence based on the unreasonableness of its seizure must be made timely and before trial, if reasonable opportunity before trial is afforded. However, in the present case, such reasonable opportunity was lacking. This crime was committed on May 15, 1961; appellant was not arrested until July 11, 1961; his trial started October 9, 1961. *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, which completely changed the law relating to evidence in criminal cases, first appeared in the United States Supreme Court Reporter on July 3, 1961, but it was many months before its application in Pennsylvania was considered and declared by this Court; in fact, its full significance is still undetermined. Our earliest cases were not decided until June of 1962, and

others are still before us. *Commonwealth v. Johnson,* 198 Pa. Superior Ct. 51, 182 A. 2d 541; *Commonwealth v. Bosurgi,* 198 Pa. Superior Ct. 47, 182 A. 2d 295; *Commonwealth v. Richards,* 198 Pa. Superior Ct. 39, 182 A. 2d 291. Therefore, to rule that this appellant is prejudiced because he did not raise the question before his trial is unfair and unreasonable, particularly since no question as to procedure is raised on this appeal. His counsel's strenuous objection made to the admission of the evidence at his trial should be sufficient to support his appeal.

As to the second reason, a finding of reasonableness in the manner the evidence was secured is contrary to established law on the subject.

Although searches of arrested persons and seizures of contraband from their person, homes or automobiles have been held reasonable as incidental to their arrest, *Draper v. United States,* 358 U. S. 307, 79 S. Ct. 329, 3 L. Ed. 2d 327; *Commonwealth v. Richards,* supra, there was no arrest in the present case; and we find no cases approving such action prior to the arrest of a suspect, except when a crime is presently being committed.[1] In fact, in *Commonwealth v. Czajkowski,* 198 Pa. Superior Ct. 511, 182 A. 2d 298, a considerable part of our opinion is devoted to a discussion of the justification for the apprehension of the defendant therein, and our conclusion that the search and seizure of the evidence was reasonable is based on the fact that "Under the circumstances . . . the officers clearly had probable cause and reasonable grounds *to arrest* appellant without a warrant." (Emphasis supplied)

---

[1] However: See *State v. Michaels,* 60 Wn. 638, 374 P. 2d 989, decided September 28, 1962, which holds a search of an automobile and the seizure of contraband could not be sustained as reasonable on the basis of being incidental to an arrest, when the arrest on a traffic violation was made for the purpose of searching the vehicle.

I have no quarrel with the majority in its reference to *Carroll v. United States*, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, and *Commonwealth v. One 1955 Buick Sedan*, 199 Pa. Superior Ct. 12, 184 A. 2d 365, to support its statement of the law that a valid search of an automobile may be made when the seizing officer has a valid belief that its contents offend against the law. However, that is not the present case. Herein, the search was made two months after the burglary had been committed, and the only information of which the seizing officer had knowledge was that this car had been seen in the vicinity of the burglary on the morning it had been committed. He knew nothing about any tools being used in the burglary or about the fruits of same; and there was nothing to indicate that this car contained anything that offended against the laws of Pennsylvania or New York.[2] Therefore, there was no probable cause for such an action. *Jones v. United States*, 357 U. S. 493, 78 S. Ct. 1253, 2 L. Ed. 2d 1514; *Agnello v. United States*, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145.

The permission granted by the appellant's wife to the officer to enter and search their home did not include permission to search the automobile. Such waivers or consents to waivers of constitutional rights are to be strictly interpreted. *Commonwealth v. Kilgallen*, 379 Pa. 315, 108 A. 2d 780; 16 C.J.S. Constitutional Law §89b; 7 P.L.E., Constitutional Law, §19.

There was no urgency in the present situation. The automobile was not being used and there was no indication that it would suddenly be moved. Therefore, its immediate search was not necessary. See *State v.*

---

[2] There was nothing in plain view to attract the officer's attention as discussed in *Commonwealth v. Calvarese*, 199 Pa. Superior Ct. 319, 185 A. 2d 657[2] (1962). The officer not only entered the car, but also opened a bag which was behind the front seat before he found the tools in the present case.

*Fahy,* 149 Conn. 577, 183 A. 2d 256. A delay in order to procure a search warrant would not have made the search impossible or impracticable. The New York officer had these premises under surveillance for two days, without indicating his presence to anyone; and he purposely delayed executing his warrant until he saw the presence of the station wagon at appellant's home. During this period of surveillance he secured no more information than he had originally secured, viz., that a station wagon bearing a license issued to appellant had been seen near the scene of a burglary in Clearfield County, Pennsylvania, on May 15, 1961, which could not be apprehended by local police. Had the New York officer desired to search the car when discovered, he had ample opportunity to secure a warrant to do so. However, admittedly by him, he had no intentions of making such a search; his sole purpose being to arrest appellant on the fugitive warrant he was carrying. Failing to find appellant in the house, the officer made a general exploratory examination of the car. In *United States v. Rabinowitz,* 339 U. S. 56, 62, 70 S. Ct. 430, 433, 94 L. Ed. 653, 658, Mr. Justice MINTON[3] said, "We do not understand the Marron case to have been drained of contemporary vitality by Go-Bart Co. v. United States, 282 U. S. 344, and United States v. Lefkowitz, 285 U. S. 452. Those cases condemned general exploratory searches, which cannot be undertaken by officers with or without a warrant." Pennsylvania was in accord, even before *Mapp v. Ohio,* supra. *Commonwealth v. Rehmeyer,* 96 Pa. Superior Ct. 393.

I would sustain this appeal, suppress the evidence obtained by what, in my opinion, was an unreasonable search and seizure, and grant a new trial.

---

[3] *Marron v. United States,* 275 U. S. 192, 48 S. Ct. 74, 72 L. Ed. 231.

Therefore, I respectfully dissent.

WATKINS, J., joins in this dissent.