(No. 40189.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JAMES TATE, Appellant.

*Opinion filed September 29, 1967.*

Ward, J., took no part.

Geter & Geter, of Chicago, (Howard D. Geter, Sr. and Howard D. Geter, Jr., of counsel,) for appellant.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Morton E. Friedman, Assistant State's Attorney, of counsel,) for the People

Mr. Justice Underwood delivered the opinion of the court:

James Tate was convicted of gambling and placed on three years probation following a bench trial in the circuit court of Cook County. In this direct appeal he urges that he was subjected to an unreasonable search and seizure violating both State and Federal constitutional requirements.

About 8:30 P.M. on September 20, 1965, defendant was stopped in Chicago by police officers Bernard Stahl and Norbert Listowski for making an improper right turn. Officer Stahl asked defendant for his driver's license, which he produced. While this was occurring the officer noticed a

paper envelope with a glassine window sticking out of defendant's shirt pocket. The officer testified that through the window he observed "what appeared to me to be a piece of tissue-weight paper with blue or carbon lettering on it." He stated that after he saw the envelope he asked the defendant for whom he worked and was told "Windy City", which was a well-known policy wheel, and that he then placed defendant under arrest, took the envelope from his pocket, opened it and found policy slips inside. Officer Listowski's testimony was consistent with officer Stahl's, except that he was unsure whether officer Stahl took the envelope or was handed it by defendant, and he became uncertain in his testimony as to the sequence of events. On direct examination he testified that "Officer Stahl * * * asked the * * * [defendant] for his driver's license and then he saw an envelope in the breast pocket which we believed was policy writings and * * * I don't recall if * * * [defendant] handed it to him or if officer Stahl took it from his shirt pocket, but we then placed the gentleman under arrest." In response to a question concerning whether he heard any further conversation between the defendant and officer Stahl prior to the arrest, officer Listowski said that the question concerning defendant's employment was asked at that time. However, on cross-examination he testified that this occurred after the envelope was secured by officer Stahl, and on re-direct he said that he was not quite certain whether the admission occurred before the envelope was obtained or afterwards. Defendant testified his admission occurred subsequent to his arrest and the seizure of the envelope.

Defendant moved to suppress all of the evidence seized from him. The court sustained the motion as to the evidence taken from the car but denied it as to the envelope and its contents because the envelope was open to view and thus no search was involved. It is the portion of this ruling relating to the contents of the envelope which is now being attacked.

It is well-settled law that observation of that which is open to view does not constitute a search, so that seizure of articles in plain view cannot be considered unreasonable (*People* v. *Davis,* 33 Ill.2d 134, 138; *People* v. *McCracken,* 30 Ill.2d 425, 429; *People* v. *Elmore,* 28 Ill.2d 263, 265). This, however, did not justify the officer in seizing and opening the envelope. That action apparently involved "a prying into hidden places for that which [was] concealed," (*Davis,* p. 138), as it is not established by the testimony of the two officers or otherwise that the envelope's contents were in plain view or identifiable as contraband. (*Cf. State* v. *Smith* (Fla. 1966), 193 So. 2d 23, where the seizure of an *open* box containing "bolita" slips was held not to constitute an unreasonable search and seizure because the box was in plain view in defendant's car.) Officer Stahl said that he could only see what appeared to him to be a "piece of tissue-weight paper with blue or carbon letters on it" through the glassine window; and officer Listowski did not testify that he could see anything inside the envelope before it was opened, but simply that they believed it contained "policy writings". Such subjective beliefs are an insufficient basis for the search of the envelope unless predicated upon other objective facts, such as something about the envelope itself or its visible contents which gave to the police an indication of their illicit nature. See *Richardson* v. *United States,* (5th cir.) 360 F.2d 366.

While no case has been found in which the precise issue herein raised has been considered, our decision that the seizure and opening of the envelope constituted a search is reinforced by the cases which uphold the admission into evidence of letters obtained in the exercise of a prison practice of reading incoming or outgoing mail of prisoners, not because the opening of letters which were properly being handled by prison officials did not constitute a search, but because the practice was found to be justified for purposes of prison security or for the discipline of inmates. *Stroud*

v. *United States,* 251 U.S. 15, 21-22, 64 L. Ed. 103, 111; *In re Bull,* (D. Nev.) 133 F. Supp. 389; *Ellis* v. *State,* 227 Miss. 440, 86 S. 2d 330.

Since the seizure and opening of the envelope constituted a search, the policy slips found therein should not have been admitted into evidence unless the search was lawful. It is clear that this aspect of the search was not justified merely because the defendant was stopped for a traffic offense (*People* v. *Lewis,* 34 Ill.2d 211). It was necessary that "circumstances reasonably indicate that the police may be dealing not with the ordinary traffic violator, but with a criminal * * *." (*People* v. *Davis,* 33 Ill.2d 134, 138.) If defendant's statement that he worked for Windy City preceded the seizure of the envelope, it seems clear that no unreasonable search occurred (*Commonwealth* v. *One 1955 Sedan,* 199 Pa. Super. 12, 184 A. 2d 365,) for then the police had probable cause to believe the envelope contained policy slips. The testimony on this pivotal question is in direct conflict, and we cannot fairly say that denial of the motion to suppress constituted a finding by the trial judge that he considered the State's proof more persuasive or credible, for the judge based his denial solely upon the ground that there was no search involved since the envelope was in plain view. Since a determination of the time of the statement involves assessing the credibility of the witnesses, we believe the cause should be remanded for a new hearing on the question as to the time the admission was made. If the admission is found to have followed the seizure and opening of the envelope, the defendant shall be discharged. Otherwise, a new judgment of conviction shall be entered.

*Reversed and remanded, with directions.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.