## Commonwealth v. Steigerwalt, Jr.

*John Deutsch*, District Attorney, for Commonwealth.

*Carl P. Niehoff*, for defendant.

HEIMBACH, P. J., April 9, 1969.—Defendant, a minor 19 years of age, was found guilty in a summary conviction proceeding of possession of malt or brewed beverages, and fined $25 and costs. He appealed his conviction to this court. We now have defendant's motion to suppress evidence vital to the Commonwealth's case, to wit, a four pack of Schmidt's beer, found on and taken from the rear seat of defendant's automobile by the prosecuting police officer without benefit of a search warrant, and, according to defendant, without reasonable cause. We, as we are obliged to do, took testimony in the matter of this motion.

The undisputed testimony is that at about 2:30 a.m. on February 15, 1969, the prosecutor, a member of the Pennsylvania State Police, and a fellow officer, while making a routine patrol on Ninth Street in the Borough of Lehighton, spied defendant's parked vehicle and noted defendant in the driver's seat with his head leaning against the window. They parked their vehicle in back of defendant's car and aroused defendant, who was then in an intoxicated condition. One of the officers shined a flashlight in the car and noted the pack of beer on the back seat, which he confiscated. Defendant was known to them as a minor.

We dismiss defendant's motion as being without merit under the circumstances of this case. Defendant, being in a parked automobile at 2:30 a.m., with his head resting against the window, gave the officers probable cause to investigate the reason therefor. Noting that defendant was intoxicated and subject to arrest for having consumed alcoholic or brewed bever-

ages, Act of June 24, 1939, P.L. 872, as amended; 18 PS §4675.1, a search of the automobile for alcoholic or malt beverages without a search warrant and the seizure of the four packs of malt beverages was proper. Obviously the search was made as an incident to the arrest.

Search of an automobile without a warrant is lawful where probable cause exists and where the facts and circumstances would lead a reasonably prudent person to conclude the law is being violated: Carroll v. United States, 267 U. S. 132: Commonwealth v. One 1955 Buick Sedan, 199 Pa. Superior Ct. 12.

See Preston v. United States, 376 U. S. 364, 367, where the following statement appears:

"The rule allowing contemporaneous searches [of the person and place of arrest] is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime — things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control".

Neither does a valid arrest have to be made before the search of the car: Commonwealth v. One 1955 Buick Sedan, supra.

Although we hold the search and seizure was reasonable as an incident to the arrest, we might have so held on the basis that the four pack was in plain view of the officer, notwithstanding the employment of a flashlight to see the rear seat of the car.

Wherefore we enter the following

### ORDER

Now, to wit, April 9, 1969, defendant's motion to suppress and deny the use of the seized four pack as evidence is refused.