Commonwealth, Appellant, *v.* Richards.

40

Argued March 27, 1962. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Arlen Specter,* Assistant District Attorney, with him *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellant.

*Isaiah W. Crippins,* for appellee.

OPINION BY RHODES, P. J., June 12, 1962:

Defendant was found guilty by a judge sitting without a jury on all counts of an indictment charging possession of drugs, assault and battery upon a police officer, and resisting arrest. At trial defendant's preliminary motion to suppress certain evidence, consisting of bags of marijuana, allegedly obtained by the police through an illegal search and seizure at defendant's apartment was overruled after an extensive hearing. Following the trial and the finding of guilty, the court below granted defendant's motion in arrest of judgment on all counts solely on the ground that the narcotic drugs were illegally seized and the arrest was invalid. In so ruling the court below held that the recent decision in *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, compelled a conclusion that the search and seizure without a warrant in the present case were illegal and the evidence obtained should have been excluded. The Commonwealth has appealed.

The right of the Commonwealth to appeal from an order arresting judgment after a verdict of guilty is clear. *Com. v. Kolsky,* 100 Pa. Superior Ct. 596, 599;

*Com. v. Obenreder,* 144 Pa. Superior Ct. 253, 255, 19 A. 2d 497. Where the order suppressing evidence as having been obtained by illegal search and seizure in effect terminates the prosecution, it is definitive and appealable by the Commonwealth.[1] *Com. v. Montanero,* 173 Pa. Superior Ct. 133, 96 A. 2d 178; *Com. v. Rich,* 174 Pa. Superior Ct. 174, 178, 100 A. 2d 144; *Com. v. Bruno,* 176 Pa. Superior Ct. 115, 106 A. 2d 905.

The decision in *Mapp v. Ohio,* supra, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081,[2] must be read and interpreted in the light of the actual holding therein of the Supreme Court of the United States. It was there admitted that the evidence in question had been illegally obtained as the result of an unreasonable search under the laws of the State of Ohio. In the *Mapp* case the Supreme Court of the United States ruled that the evidence obtained as the result of an unreasonable search and seizure cannot be used, under the Fourteenth Amendment to the Constitution of the United States, as a basis for conviction in state or federal courts. The *Mapp* decision did not, as we interpret it, preclude judicial determination of what constitutes a reasonable search and seizure under all the circumstances. Cf. *People v. Tyler,* 14 Cal. Rptr. 610, 613 (1961) ; *State v. Valentin,* 36 N. J. 41, 174 A. 2d 737, 738 (1961). As we view it, the *Mapp* decision went no further than to hold that, where the search and seizure were unreasonable under all the circumstances, evidence

---

[1] The recent decision of the Supreme Court of the United States, in *DiBella v. United States,* 369 U. S. 121, 82 S. Ct. 654, 7 L. Ed. 2d 614, limiting the prosecution's right of appeal from orders suppressing evidence as obtained through unreasonable search and seizure is, of course, not controlling on this question of criminal procedural law in this state.

[2] The background of this decision is set forth in detail therein. See *A Mapp for the Road Towards Exclusion* by Hon. Joseph Sloane and Gary Charles Leedes, Vol. 35 Temple Law Quarterly 27.

obtained thereunder must, under the Fourteenth Amendment, be excluded in state criminal prosecutions. Not all searches and seizures are prohibited, those which are reasonable not being forbidden. 79 C.J.S., Searches and Seizures, §8, p. 786.

Section 8, article I of the Constitution of the Commonwealth of Pennsylvania contains a provision similar to the Fourth Amendment to the Constitution of the United States guaranteeing privacy. In Pennsylvania "Whether search and seizure is or is not unreasonable must be determined from the facts in each particular case." *Com. v. Hunsinger*, 89 Pa. Superior Ct. 238, 241; affirmed 290 Pa. 185, 138 A. 683. "What is 'unreasonable' is left to judicial determination." *Com. v. Dugan*, 143 Pa. Superior Ct. 383, 386, 18 A. 2d 84. In fact, the general principle of law is the same under the federal rule. As Mr. Justice MINTON stated in *United States v. Rabinowitz*, 339 U. S. 56, 63, 70 S. Ct. 430, 94 L. Ed. 653, 659: "What is a reasonable search is not to be determined by any fixed formula. The Constitution does not define what are 'unreasonable' searches and, regrettably, in our discipline we have no ready litmus-paper test. The recurring questions of the reasonableness of searches must find resolution in the facts and circumstances of each case." Mr. Justice FRANKFURTER pointed out in his concurring opinion in *Chapman v. United States*, 365 U. S. 610, 618, 81 S. Ct. 776, 781, 5 L. Ed. 2d 828, 834: "Surely it is fair to say that the lower courts and prosecutors have a right to proceed on the assumption, on the basis of controlling decisions, that whether or not a search is 'unreasonable' turns on the circumstances presented by a particular situation, as a matter of substantive determination."[3]

---

[3] Mr. Justice CLARK in his dissent in the recent *Chapman* case said: "The Constitution condemns only an *unreasonable* search."

The evidence produced at the trial and on defendant's motion to suppress discloses the following: Three officers of the narcotics squad received information on November 2, 1961, at approximately 4:45 p.m. from an informer at Fortieth Street and Girard Avenue, Philadelphia, that defendant illegally possessed narcotics in his second floor apartment at 3905 Poplar Street, two blocks distant. The informer was known to the officers as a reliable source and had given reliable information to police relative to possession of narcotics over a period of two or three years. The informer walked with the officers to 3905 Poplar Street and pointed out the building where defendant's apartment was located. The informer also told the police that defendant was planning to leave his apartment. One officer remained outside. Upon ringing the bell, the other two were admitted by the tenant of the first floor apartment. They ascended the stairs to the defendant's second floor apartment and, upon reaching the top, were met by defendant who, without warning, grabbed one of the officers and threw him against the wall. At this point the officer identified himself and informed defendant that he was under arrest. Defendant hollered "They're here," and continued to scuffle with the officers. While one officer held defendant against the wall, the arresting officer heard someone running through the apartment. The officer thereupon kicked open the door in time to observe a man (later identified as Lawrence McCauley) run through the kitchen and dive, head first, through the window with a brown paper bag in his hand. The bag in McCauley's hand was found to contain 32.7 grams of marijuana. On searching the kitchen the officers found two brown envelopes, one containing 5.9 grams and the other 5.7 grams of marijuana.

It appears that the officers went to the apartment of defendant without a warrant to apprehend him for possession of narcotics. Under the Act of July 11,

1917, P. L. 758, §12, as amended, 35 PS §865, the possession of such drugs constitutes a felony. There was probable cause and the officers had reasonable grounds to believe that a felony was being committed, and arrest without a warrant would be valid on that ground. *Com. ex rel. Spencer v. Ashe,* 364 Pa. 442, 445, 71 A. 2d 799. Arrest without a warrant is valid where "the officers had probable cause to believe that a felony was being committed in their very presence. Carroll v. United States, 267 U.S. 132, 156, 157, 69 L. ed. 543, 552, 553, 45 S. Ct. 280, 39 A.L.R. 790." *United States v. Rabinowitz,* supra, 339 U. S. 56, 60, 70 S. Ct. 430, 94 L. Ed. 653, 657. In *Draper v. United States,* 358 U. S. 307, 313, 79 S. Ct. 329, 333, 3 L. Ed. 2d 327, 332, the Supreme Court of the United States held: "Probable cause exists where 'the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. Carroll v. United States, 267 U. S. 132, 162, 69 L. ed. 543, 555, 45 S. Ct. 280, 39 A.L.R. 790."

Furthermore, the officers were lawfully upon the premises and the arrest of defendant for assault and battery committed upon them was also proper. In the instant case the arresting officer had probable cause to arrest defendant and reasonable grounds to believe that defendant had committed and was continuing to commit a felony. They had information from a reliable informer whose previous information led to at least ten arrests. Cf. *Draper v. United States,* supra, 358 U. S. 307, 79 S. Ct. 329, 3 L. Ed. 2d 327, 332. In addition, defendant, without warning, shoved one of the officers against the wall prior to his being arrested. Since the arrest was lawful it is clear that a reasonable search of the premises under defendant's control is also lawful without a search warrant as being inci-

dent to the lawful arrest. *Harris v. United States,* 331 U. S. 145, 67 S. Ct. 1098, 91 L. Ed. 1399, 1406.[4] Moreover, simultaneously with the arrest, they heard someone fleeing from defendant's apartment. It subsequently appeared that he was attempting to escape with a quantity of marijuana.

There is no merit to the argument that the officers had ample time to obtain a warrant or a search warrant. In any event, as said in the *Rabinowitz* case, supra, 339 U. S. 56, 70 S. Ct. 430, 94 L. Ed. 653, the search turned upon the reasonableness under all the circumstances and not upon the practicability of procuring a search warrant.

When we apply the test of "totality of facts" to the present appeal, it is clear that the search and seizure by the narcotics squad officers were not unreasonable. There was no invasion of defendant's constitutionally protected right to privacy. The court below erred in holding that the search and seizure were unreasonable under all the facts and that the evidence should have been excluded, and in granting defendant's motion in arrest of judgment.

The order is reversed, the convictions are affirmed, and the records are remitted that the court below may impose sentence upon defendant.

WATKINS and FLOOD, JJ., dissent and would affirm on the opinion of the court below.

---

[4] See *Abel v. United States,* 362 U. S. 217, 80 S. Ct. 683, 4 L. Ed. 2d 668, 684; Annotation, Search Incident to Arrest, 4 L. Ed. 2d 1982.