Commonwealth, Appellant, *v.* Bosurgi.

Argued March 27, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE WATKINS, MONTGOMERY, and FLOOD, JJ.

*Arlen Specter,* Assistant District Attorney, with him *Charles Jay Bogdanoff,* Assistant District Attor-

ney, *Paul M. Chalfin*, First Assistant District Attorney, and *James C. Crumlish, Jr.*, District Attorney, for Commonwealth, appellant.

*David N. Savitt*, with him *John Patrick Walsh*, for appellee.

OPINION BY RHODES, P. J., June 12, 1962:

This is an appeal by the Commonwealth from the order of the court below granting defendant's preliminary motion before trial to suppress evidence alleged to have been obtained as the result of an illegal search and seizure by the police officer. Defendant is presently awaiting trial under an indictment charging burglary, larceny, and receiving stolen goods. On October 27, 1961, defendant's attorney filed a preliminary motion prior to trial to suppress certain evidence, consisting of eight watches and certain glass particles taken from defendant's clothing. The motion alleged that such evidence, which formed the basis of the indictment of defendant on charges of burglary, larceny, and receiving stolen goods, was obtained by the police as the result of an illegal and unreasonable search and seizure. The testimony of the police officer, taken at a hearing in the court below on defendant's rule to show cause, disclosed the following: A burglary occurred about 10:30 p.m. on July 10, 1961, at a South Philadelphia wholesale jewelry house, located at 1439 Snyder Avenue, Philadelphia. Detective Kelly, who received the report at 12:15 a.m. on July 11th, investigated the premises and toured the area at 8:30 a.m. that morning. About 6 p.m. Kelly received a telephone call from an informant who told him there was a man in a taproom on Snyder Avenue, between Carlisle and Fifteenth Streets, who was annoying customers and attempting to sell watches to them. The informant's description of the watch seller was that "he had bushy gray hair,

needed a shave, was short, Italian, had on tweed pants and a striped shirt." The officer did not find anyone answering the description given at the taproom designated by the informant, but did find the defendant Bosurgi at another bar about a block from the first one. Walking up to defendant, the officer asked his name and defendant answered "Frank." The officer told him to stand up; defendant did so. Observing the usual precaution to see that a felony suspect was not armed, the officer turned him around and "patted him down," and, feeling large bulky objects in his pants pocket, took out ten watches. Defendant said he did not know how the watches got in his pocket. Eight of the watches were identified as those stolen from the jewelry store. Defendant was taken to the police station where, upon request, he removed his trousers; they were vacuumed and glass particles obtained therefrom were identified as being from the plate glass window of the burglarized jewelry store. Defendant was subsequently indicted and is presently awaiting trial.

In granting defendant's motion to suppress, the court below ruled that the decision of the Supreme Court of the United States in *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, compelled a state to exclude evidence in a criminal trial obtained as a result of an illegal search and seizure, and that, under the facts disclosed at the hearing, the search and seizure here were unreasonable and illegal.

Where the order suppressing evidence on the ground it was obtained by illegal search and seizure in effect terminates the prosecution, it is definitive and appealable by the Commonwealth. *Com. v. Rich,* 174 Pa. Superior Ct. 174, 178, 100 A. 2d 144; *Com. v. Richards,* 198 Pa. Superior Ct. 39, 182 A. 2d 291. In *Com. v. Richards,* supra, we held that *Mapp v. Ohio,* supra, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, did not preclude the right of a court to determine what is a rea-

sonable search and seizure under the circumstances of the particular case. The principles set forth in *Com. v. Richards,* supra, 198 Pa. Superior Ct. 39, 182 A. 2d 291, apply equally here. The question then in the present appeal becomes—Were the search and seizure in the instant case proper and reasonable under all the circumstances? *United States v. Rabinowitz,* 339 U. S. 56, 63, 70 S. Ct. 430, 94 L. Ed. 653; *Com. v. Hunsinger,* 89 Pa. Superior Ct. 238, 241, affirmed 290 Pa. 185, 138 A. 683; *Com. v. Dugan,* 143 Pa. Superior Ct. 383, 386, 18 A. 2d 84.

A police officer may arrest without a warrant where there is probable cause and reasonable grounds to believe that the person arrested has committed a felony. *Com. ex rel. Bandi v. Ashe,* 367 Pa. 234, 238, 80 A. 2d 62; *Com. ex rel. Miller v. Myers,* 187 Pa. Superior Ct. 565, 568, 146 A. 2d 145; *Draper v. United States,* 358 U. S. 307, 79 S. Ct. 329, 3 L. Ed. 2d 327, 330. Here the police officer knew a burglary had just been committed in the immediate vicinity. He received information that defendant, described in detail by informant, was in the vicinity selling property of the type stolen. Defendant was apprehended and taken into custody in a taproom, approximately across the street from the jewelry store, carrying watches of the type taken by the burglar. Under all the circumstances, the officer had probable cause and reasonable grounds to believe that defendant had committed the crime and to arrest defendant. Defendant's compliance and total failure to raise any objection to the officer's search is virtually tantamount to consent. Under all the admitted facts appearing at the hearing on the rule, the search and seizure were reasonable and not in violation of any of defendant's constitutional rights. "The right to search the person incident to arrest always has been recognized in this country and in England. . . . Where one had been placed in the custody of the law by valid ac-

tion of officers, it was not unreasonable to search him." *United States v. Rabinowitz,* supra, 339 U. S. 56, 70 S. Ct. 430, 94 L. Ed. 653, 657. See, also, *Draper v. United States,* supra, 358 U. S. 307, 79 S. Ct. 329, 3 L. Ed. 2d 327, 330; *Com. ex rel. Spencer v. Ashe,* 364 Pa. 442, 445, 71 A. 2d 799. The maintenance of a proper balance between the right of the individual to privacy and that of society in the apprehension of crime does not require a suppression of the evidence as obtained by unreasonable search and seizure in this case. Nor does the *Mapp* decision compel a conclusion that the search and seizure here were unreasonable. See *People v. Ward,* 223 N.Y.S. 2d 355.

The order of the court below granting defendant's motion to suppress evidence is reversed with a procedendo.

WATKINS and FLOOD, JJ., dissent and would affirm on the opinion of the court below.