## Commonwealth v. Hodgester

*Harry Shrager*, Assistant District Attorney, for Commonwealth.

*Matthew J. Ryan, 3rd,* and *Herman I. Pollock,* for defendant.

CHUDOFF, J., August 31, 1962.—Edward Hodgester, one of the defendants in the above case, has appealed from a judgment of sentence after a trial by this court without a jury on charges of use and possession of narcotic drugs. Both defendants were adjudged guilty by the trial judge after a waiver of jury trial was filed.

The court dismissed defendant Hodgester's motion in arrest of judgment, after his motion for a new trial was withdrawn. He was sentenced to the Philadelphia County Prison for a term of not less than nine nor more than 23 months, on that count of the bill of indictment charging possession of drugs.

In considering the entire record under the Act of June 15, 1951, P. L. 585, sec. 1, 19 PS § 871,[1] the court must ignore the evidence of defendant which the jury

---

[1] "MOTION IN ARREST OF JUDGMENT [NEW]

"§871. Motion on ground of insufficiency of evidence. Hereafter, in all criminal prosecutions in this Commonwealth in which the jury shall have rendered a verdict against the defendant, the defendant may, in addition to making a motion in arrest of judgment on the

had the privilege of rejecting, and must accept as true all the evidence which supports the verdict and must draw from the evidence such reasonable inferences as will support the verdict: Commonwealth v. Wright, 383 Pa. 532, 119 A. 2d 492 (1956) ; Commonwealth v. Ornato, 191 Pa. Superior Ct. 581 (1960).

On February 14, 1962, at approximately 1:00 p.m., Officers Notafranchesco and Stewart received an anonymous telephone call at police headquarters. As a result of the information received[2] they proceeded to the Pennsylvania Railroad North Philadelphia Station, Broad Street and Glenwood Avenue, Philadelphia. At 1:45 p.m., they observed defendant Hodgester with a woman, Faye Ford, on one of the station platforms. When close enough to them they observed "tracks" and scars on the backs of the hands of the woman. They then placed both defendant Hodgester and the woman under arrest, and upon searching defendant Hodgester found a hypodermic needle, size 26, one eye dropper, and one burned bottle cap containing residue of heroin and quinine. In their haste to get to the railroad station, the officers were neither armed with a search and seizure warrant nor a warrant for the arrest of either defendant. At the time defendant Hodgester and the woman were placed under arrest they had just purchased train tickets to New York City, after arriving from Washington, D. C., the previous day.

---

grounds there is error appearing on the face of the record, may [sic.] make a motion in arrest of judgment on the grounds that the evidence was insufficient to sustain the charge, and if the court, after consideration of the entire record, shall decide that there is not sufficient evidence to sustain the conviction, it shall forthwith discharge the defendant and dismiss the case."

[2] The information received described two people as colored, light skinned and dark skinned, and the officers testified on cross examination that defendant and Ford were the only two people fitting that description when they arrived at the station.

Defendant presses one legal question. He contends that drug paraphernalia should not have been received into evidence but suppressed in accordance with the celebrated decision of Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081.

It appears that the police officers went to the railroad station without a warrant to investigate a lead from an unidentified informer that two people had in their possession narcotic drugs. Under the Act of July 11, 1917, P. L. 758, sec. 12, as amended, 35 PS §865, the possession of such drugs constitutes a felony. When the officers observed the tracks and scars on the back of Faye Ford's hands there was probably cause and the officers had reasonable grounds to believe that a felony was being committed by both defendants, and arrest without a warrant was valid on that ground. Arrest without a warrant is valid where "the officers had probable cause to believe a felony was being committed in their very presence": Carroll v. United States, 267 U. S. 132, 136, 157, 69 L. Ed. 543, 552, 553, 45 S. Ct. 280, 39 A.L.R. 790; United States v. Rabinowitz, 339 U. S. 56, 60, 70 S. Ct. 430, 94 L. Ed. 653, 657. Most recently our Superior Court, in Commonwealth v. Richards, 198 Pa. Superior Ct. 39, said at page 45:

"In Draper v. United States, 358 U. S. 307, 313, 79 S. Ct. 329, 333, 3 L. Ed. 2d 327, 332, the Supreme Court of the United States held: 'Probable cause exists where "the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in belief that" an offense has been or is being committed.' "

Since the arrest was lawful it is clear that a reasonable search of the defendants' persons, who at the time were fleeing or likely to take flight to New York City was also lawful without a search warrant as being incidental to lawful arrest: Harris v. United States, 331

United States 145, 67 S. Ct. 1098, 91 L. Ed. 1399, 1406;[3] Commonwealth v. Richards, supra.

There is no merit to the argument that the officers had ample time to obtain a warrant or a search warrant. In any event, as said in the Rabinowitz case, supra, the search turned upon the reasonableness under all the circumstances and not upon the practicability of securing a search warrant.

When we apply the test of "totality of facts" to the present case it is clear that the search and seizure by the Narcotics Squad Officers were not unreasonable. There was no invasion of defendant's constitutionally protected rights to privacy.

For the foregoing reasons the motion in arrest of judgment was denied.

---

[3] See Abel v. United States, 362 U. S. 217, 80 S. Ct. 683, 4 L. Ed. 2d 668, 684; Annotation, Search Incident to Arrest, 4 L. Ed. 2d 1982.