## Commonwealth, Appellant, *v.* Kinderman.

Argued December 10, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Charles Jay Bogdanoff*, Assistant District Attorney, with him *Arlen Specter*, Assistant District Attorney, and *James C. Crumlish, Jr.*, District Attorney, for Commonwealth, appellant.

*Isadore Penn*, with him *Samuel F. Pepper*, for appellee.

OPINION BY WOODSIDE, J., March 19, 1963:

This is an appeal from the order of the Court of Quarter Sessions of Philadelphia County suppressing evidence in the form of untaxed liquor found in the trunk of the defendant's automobile.

The testimony taken on the motion to suppress the evidence established that a police officer was told by a woman resident of the neighborhood that fireworks had recently been exploded while being thrown from a filling station lot. She said that fireworks were in the trunk of a Cadillac automobile which she pointed

out to the officer. Discharging firearms without a license is illegal. See Act of February 9, 1751, 1 Sm. L. 208, §1, 18 P.S. §1383 and Act of May 15, 1939, P. L. 134, §§2, 6, 35 P.S. §§1272, 1277.

The Cadillac was in motion on the filling station premises at the time it was identified to the officer and when he approached and stopped it. Kinderman, the operator and owner of the automobile and the defendant and petitioner in this case, was asked to open the trunk, but refused on the ground he had no key. Kinderman and his automobile were then taken separately to the police station. A key to the trunk was obtained and the trunk opened. In it were fireworks and four or more gallons of untaxed liquor.

The defendant moved to suppress the evidence found in the trunk, because it was obtained without a search warrant. See *Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961). The Constitution of the United States prohibits only *unreasonable* search and seizure. *Commonwealth v. Richards*, 198 Pa. Superior Ct. 39, 182 A. 2d 291 (1962) ; *Commonwealth v. Bosurgi*, 198 Pa. Superior Ct. 47, 182 A. 2d 295 (1962). The court permitted the petitioner to testify how the liquor got into the trunk of his car, an irrelevant matter on the issue then before the court. After hearing the above testimony, the trial judge concluded that the defendant was a "nut" for carrying the fireworks and firewater in the trunk of his car, but should not be prosecuted even though the "district attorney is eminently right" and "technically [the] petition should be denied." He, thereupon, suppressed the evidence found in the trunk.

The reasonableness of the search and seizure depends upon the circumstances as they are made to appear to the officer at the time. *Commonwealth v. Richards*, supra.

There is a difference between a search of a dwelling house or other structure in respect of which a search warrant may readily be obtained, and a search of a ship, motor boat, wagon or automobile for contraband goods, where it is not practicable to secure a warrant because a vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought. *Commonwealth v. One 1955 Buick Sedan,* 198 Pa. Superior Ct. 133, 137, 182 A. 2d 280 (1962) ; *Commonwealth v. One 1955 Buick Sedan (Marchese),* 199 Pa. Superior Ct. 12, 184 A. 2d 365 (1962).

Under the circumstances of this case, the search and seizure were legal and the evidence should not have been suppressed.

Order reversed.

MONTGOMERY, J., dissents.