Commonwealth *v.* Waughtel, Appellant.

Argued March 16, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Victor Dell'Alba,* with him *Joseph J. Lombardo,* for appellant.

*Clarence C. Newcomer,* First Assistant District Attorney, with him *Wilson Bucher,* District Attorney, for Commonwealth, appellee.

OPINION BY FLOOD, J., June 11, 1964:

The defendant appeals from his conviction for bookmaking upon the ground that the certain evidence used against him was obtained by illegal search and seizure.

He was arrested after observation of his activities by the local police over a period of time. In the course of the noon hour on the day of his arrest, he went into a grocery store where he remained about fifteen minutes. During this brief interval about eight or ten other men entered the store and, so far as groceries are concerned, came out empty handed. Upon leaving the store, the defendant entered his car which was parked across the street. Two policemen who had observed these activities approached, told him that they had a warrant ordering his arrest for bookmaking, showed it to him and ordered him to get out of the car. He then said to one of them: "You appear to be above average intelligence, so am I. I might as well cooperate." With that he reached into his jacket pocket, pulled out a number of horsebetting slips and handed them to the officer. On the way to the State Police barracks, he also turned over an Armstrong racing sheet and the Morning Telegraph, both of which he took from the pocket of his jacket. Under the evidence, all of the items were turned over voluntarily and without demand or request by the officers.

The defendant contends that the arrest was illegal and that the evidence obtained as an incident thereto must be excluded because the warrant was issued on the basis of a complaint which charged the crime of bookmaking but was sworn to more than four hours before the alleged crime was committed. These facts are not contested. The officer who took the affidavit

testified on cross-examination that he went back to the justice of the peace and filled in the time of the offence after the warrant had been served and the defendant arrested. On redirect examination he added that this warrant also charged other offences allegedly committed prior to this time, but these charges were subsequently nol prossed. The complaint as to the earlier offences was not produced.

The constitutional prohibition against use of evidence obtained by an unreasonable search and seizure (*Mapp v. Ohio,* 367 U.S. 643, 646 (1961)) does not require exclusion of items of evidence which the defendant, as here, voluntarily hands over to police officers. The fact that the defendant was under arrest when he turned over the slips and papers, and may have been searched later if he had not done so, does not change the fact that the officers obtained this evidence as a result of his voluntary act. Consent that is unequivocal, specific and voluntarily given without the presence of duress or coercion, actual or implied, or by misrepresentation, is effective as a waiver of any objection to the admission of the evidence so obtained. See *Commonwealth v. Wright,* 411 Pa. 81, 190 A. 2d 709 (1963) ; *Anderson v. United States,* 255 F. 2d 96 (1958). Moreover, there was not even a consensual search and seizure in this case, but rather a voluntary turning over of the evidence.

It is also to be observed that under our cases the defendant's arrest was proper irrespective of the warrant. The officers had information as to his prior gambling activity. In view of this and their observations just prior to the arrest, they were justified in making an arrest without a warrant. See *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304 (1963).

Judgment affirmed.