**UNITED STATES of America**

**v.**

**Danny PELENSKY, a/k/a Danny Pelenski, a/k/a Danny Polansky, a/k/a Daniel Pelencky, a/k/a Donald Smith.**

**Crim. No. 6584.**

United States District Court
D. Vermont.

June 13, 1969.

George W. F. Cook, U. S. Atty., Rutland, Vt., for the Government.

Joseph S. Wool, Burlington, Vt., for defendant.

## OPINION

LEDDY, District Judge.

The defendant has been charged in a two count indictment with unlawful entry into the United States in violation of 8 U.S.C. § 1326 (1964) and possession of a firearm while unlawfully in the United States in violation of 18 U.S.C. § 1202 (a) (5) appendix (Supp. IV, 1969). He has moved for the suppression and return of a .38 caliber revolver which he alleges was seized from him on April 7, 1969, and is now in possession of agents of the United States Government. A hearing was held on this motion on May 26, 1969. At that hearing, the defendant testified as to the facts surrounding the seizure of the revolver. The Government introduced no evidence. Accordingly, the facts are, at best, sparse.

On April 7, 1969, between noon and 1:00 P.M., the defendant was a passenger in an automobile that came over the border from Canada into the United States. The number or names of the occupants of the vehicle apart from the defendant do not appear from the evidence. Neither the owner nor the driver is identified. The vehicle proceeded first to St. Albans, Vermont, and then to Burlington, Vermont. In Burlington, the defendant picked up the .38 caliber revolver in question. The vehicle then proceeded toward the Canadian border until it was stopped in Swanton, Vermont, approximately eight miles from the border by persons that the defendant thought were police officers. The evidence does not show who stopped the vehicle nor the reason for stopping it. It shows only that two automobiles were used and that one of these autos had an official sticker on the doors.

The persons who stopped the vehicle ordered the driver to produce his license and registration. Subsequently, they told the defendant to get out of the car and to walk back and get into one of their automobiles. As the defendant was leaving his vehicle, he was asked for the gun. He gave them the gun along with some shells and the bill of sale.

There is no evidence that the persons who stopped the car had either a search or arrest warrant. Prior to being asked for the gun, the defendant was never given the *Miranda* or any other warnings; nor was he informed that, under the circumstances disclosed by the evidence, he had a right to refuse to allow them to take the gun. The revolver which the defendant gave to the persons who stopped his vehicle is the same revolver that forms the basis of the charge in the indictment that the defendant possessed a firearm while unlawfully in the United States.

At the outset, defendant's motion presents somewhat of a conceptual problem. Defendant apparently requests the return of the revolver on the basis that defendant was illegally searched in violation of the Fourth Amendment of the United States Constitution. It is clear, however, that there was no search in this case, since the defendant handed the revolver to the persons who had stopped him. Strictly speaking, the fourth amendment does not apply to this case.

The case does present fourth amendment overtones, however. If the defendant had not produced the revolver, it could have been obtained only through a search. The effect of producing the revolver is the same as if the defendant had consented to a search although the physical interference with his property rights or privacy is absent. Thus, in a sense, the production of the revolver is a waiver of fourth amendment rights.

The cases that have treated the validity of production of evidence by the defendant in situations such as the one present here are by no means uniform in their categorization of the problem involved. Some have approached the problem as a consent to search and have tested the voluntariness of the consent. See United States v. Vickers, 387 F.2d 703

(4th Cir. 1967); United States v. Moderacki, 280 F.Supp. 633 (D.Del.1968). Others have not used this method of analysis. See Virgin Islands v. Berne, 412 F.2d 1055 (3rd Cir. 1969); Commonwealth v. Waughtel, 204 Pa. Super. 40, 201 A.2d 217 (1964).

The results underscore the divergence of viewpoint on the issue. In United States v. Vickers, supra, the Fourth Circuit Court of Appeals held that where evidence is produced voluntarily upon request of post office investigators, the evidence could not be suppressed even though no prior warning of rights was given. The court noted that the test was whether the defendant has "freely and intelligently [given] unequivocal and specific consent to search." 387 F.2d at 706.

In United States v. Moderacki, supra, the court held that evidence produced by the defendant must be suppressed unless the defendant was given the *Miranda* warnings and a specific warning that he has a right not to consent to search. The court also held that if the officers involved had effectuated a lawful arrest, the production of evidence by the defendant could be sustained as a search incident to a lawful arrest.

In Virgin Islands v. Berne, supra, the court held that since the defendant was not arrested there was no need to give the *Miranda* warnings before asking the defendant to produce evidence. The court apparently felt that no Fourth Amendment problems were created by the request to produce evidence.

Each of these cases recognizes, however, that the defendant has a right to refuse to produce evidence to agents of the Government and that a relinquishment of that right must be a free and voluntary act. The facts of this case show no way in which the arresting officers could have obtained the revolver if the defendant had not produced it or had refused them consent to search. No warrant had been obtained to search the defendant or the vehicle in which he was riding. There is no evidence that a search could be justified as an incident to a lawful arrest. Although the evidence does show an arrest since the defendant was deprived of his freedom of action in a significant way, there is no evidence that this arrest was lawful. See Miranda v. Arizona, 384 U.S. 436, 445, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); United States v. Thompson, 356 F.2d 216, 222 (2d Cir. 1965).

Although the evidence in this case shows that the defendant's production of the gun was voluntary in the sense he was not deprived of it by physical force, there is no evidence that it was a free and intelligent act intended to be a knowing waiver. See Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); United States v. Smith, 308 F.2d 657 (2d Cir. 1962). As indicated above, the cases are not uniform in setting the requirements for a knowing and intelligent waiver in situations like that present here. *Moderacki* requires that the defendant be informed of his right to refuse to consent to a search. This court is not ready to impose such a requirement, however, especially where no search or consent to search is involved.

*Moderacki* also imposes a requirement that *Miranda* warnings be given and this requirement is discussed in *Vickers*. The primary objection to such a requirement is that the court in *Miranda* created the warnings for the express purpose of protecting the fifth amendment self-incrimination right. The fifth amendment applies only to testimonial self-incrimination and not the production of incriminating physical evidence. See Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); United States v. Vickers, supra. *Miranda* warnings dealing with the right to remain silent and the fact that anything said may be used against the accused are certainly tailored for protection against unknowing testimonial self-incrimination.

The right to counsel, and the *Miranda* warning informing the accused of this right, while imposed to protect fifth

amendment rights in *Miranda*, is more pervasive. It is not linked solely to the protection of fifth amendment rights but applies in every "critical" stage of the proceedings. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Certainly a request to produce evidence that is central to the prosecution's case is a critical stage of the proceedings against the accused. The presence of counsel is an effective check on the unknowing relinquishment of fourth amendment rights just as it is an effective check on the unknowing waiver of fifth amendment rights. Therefore, production of evidence by an accused without the assistance of counsel or without waiver of counsel where, as in *Miranda*, the defendant is under arrest, cannot be considered a knowing and intelligent act.

Accordingly, because of the failure of the arresting officers in this case to inform the defendant of his right to counsel prior to requesting the revolver and the absence of any mitigating circumstances, the motion to suppress must be granted.