Commonwealth *v.* Price, Appellant.

*Brian E. Appel,* with him *Bernard L. Segal,* and *Segal, Appel & Natali,* for appellant.

*Horace J. Culbertson,* former District Attorney, and Special Acting District Attorney, with him *Thomas M. Torquato,* and *Culbertson & Torquato,* Attorneys for Commonwealth, appellee.

OPINION PER CURIAM, April 4, 1973:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

In this appeal, appellant contends that her conviction for possession of a dangerous drug without a prescription must be reversed, because the evidence used to convict her was obtained through a nonconsensual, warrantless search.

Appellant and her companion, Steven Frank, students at Pennsylvania State University, were approached by two state troopers on the evening of April 22, 1970. Allegedly, the State Police came upon the scene when they were alerted by motorists that they had seen two young people in a field alongside Route 322 engaged in some sort of sexual activity. As the troopers approached, appellant rose to her feet, and by the testimony of Trooper Shellenberger, appeared to have "a slight staggering gait" and to be "more or less giddish". He testified that appellant's speech was incoherent and broken. Suspecting that the appellant was under the influence of drugs, he "asked Miss Price, being that she was a lady, if she had any weapons on her", and noticing a bulge in her denim pants, "what was in her pockets". Appellant reached into her pocket and removed one capsule and one wooden pipe, which she handed to Trooper Shellenberger.

Appellant was then arrested and taken to the State Police Barracks. Appellant was tried on September 8, 1971. A jury convicted her of the charge against her, and she was subsequently sentenced to pay costs of prosecution and a fine of five hundred ($500.00) dollars to be paid within ten days. Appeal was then taken to this Court.

The Constitution of the United States prohibits an unreasonable search and seizure. Any evidence ob-

tained illegally must be suppressed. U.S. Const. Amend. IV; *Mapp v. Ohio*, 367 U.S. 643 (1961). This constitutional prohibition "does not require exclusion of items of evidence which the defendant . . . voluntarily hands over to police officers. . . . Consent that is unequivocal, specific and voluntarily given without the presence of duress or coercion, actual or implied, or by misrepresentation, is effective as a waiver of any objection to the admission of the evidence so obtained. See Commonwealth v. Wright, 411 Pa. 81, 190 A. 2d 709 (1963); Anderson v. United States, 255 F. 2d 96 (1958);" *Commonwealth v. Waughtel*, 204 Pa. Superior Ct. 40, 42, 201 A. 2d 217 (1964).

As a fundamental right guaranteed by the Constitution is involved, the consent in question must meet the test of constitutional waiver. *U.S. v. Blalock*, 255 F. Supp. 268 (E.D. Pa. 1966); *Commonwealth ex rel. Whiting v. Cavell*, 244 F. Supp. 560, aff'd per curiam, 358 F. 2d 132 (C.A. 3d Cir. 1966). As we recently stated in *Commonwealth v. Burgos*, 223 Pa. Superior Ct. 325, 329, 299 A. 2d 34 (1972), ". . . the waiver must meet two requirements: it must be (1) voluntary, and (2) intelligent. (Citations omitted)." The burden of proving a valid waiver rests always upon the state, and that burden is heavier when the accused is already under arrest at the time consent was allegedly given. *Bumper v. North Carolina*, 391 U.S. 543 (1968); *Judd v. United States*, 190 F. 2d 649 (D.C. Cir. 1951); *Commonwealth v. McCloskey*, 217 Pa. Superior Ct. 432, 272 A. 2d 271 (1970).

In the instant case, the lower court determined that because appellant was not actually searched, and because the police made no actual demand of appellant to disclose the contents of her pockets, no search was made. Instead, the Commonwealth argued that appel-

lant freely and voluntarily handed over the capsule and pipe to the officer.

This contention ignores the "reality" of the situation that is present when police stop and question a suspect concerning his actions or whereabouts. We have held that "[m]ere acquiescence in the orders, suggestions, or requests of the police can never be equated with consent," and that "a finding of voluntary consent can never rest solely on the fact that an accused did some consensual act or gave permission to the police to search, but is a question of fact which must be decided in light of the circumstances attending the alleged consent (Citations omitted)." *Commonwealth v. Burgos,* supra at 330-31.

The events, as testified to by Trooper Shellenberger, can only support the view that there was no valid consent. Appellant was confronted by two armed state troopers. The trooper's attitude clearly demonstrated by his testimony that appellant at that moment was not free to leave, and that had she attempted to move away or had refused to show the contents of her pocket, he would have handcuffed her and taken her into headquarters. Clearly, in such an atmosphere, a young person, unfamiliar with police practices and having no previous contact with police, could come to no other subjective conclusion than that cooperation with the state trooper was not a matter of option. In light of the circumstances surrounding the "search", I am not convinced that Commonwealth met its burden of proving the consent to have been voluntary. It is my opinion that the evidence should have been suppressed.

The judgment of sentence should be reversed, and appellant granted a new trial.

CERCONE, J., joins in this dissenting opinion.